IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv221

| | |
|---|---|
| LORETTA MOSELEY,            )<br>)<br>Plaintiff,            )<br>)<br>vs.            )<br>)<br>FILLMORE COMPANY, LTD., YUSA )<br>NORIYUKI, and ED ROMAN )<br>ENTERPRISES, INC.,            )<br>)<br>Defendants.            )<br>)| **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Response to Order to Show Cause [Doc. 9].

On October 21, 2009, the Court required the Plaintiff to show cause why service had not been made on the Defendants within the 120 day period imposed by Federal Rule of Civil Procedure 4(m). By Response filed November 5, 2009, Plaintiff's counsel advised that service on Defendant Ed Roman Enterprises, Inc. was made on October 8, 2009. At the time the Court's Order was entered, counsel had not filed proof of service in the record.

Plaintiff's counsel also advised that Rule 4(m)'s 120 day period does not apply to foreign defendants, citing Rule 4(f) and Rule 4(j)(1).[1]  Counsel states that "Moseley continues to pursue service" of these Defendants. [Doc. 9, at 2].  In what manner service is being pursued is not disclosed, particularly considering that the record shows that no summons has been issued for either Defendant.

"Although Rule 4(m) creates an exception for 'service in a foreign country pursuant to subdivision (f),' which sets forth procedures for such service, ... this exception does not apply if, ... the plaintiff did not attempt to serve the defendant in the foreign country."  USHA (India), Ltd. v. Honeywell Intern., Inc., 421 F.3d 129, 133-34 (2nd Cir. 2005).  The response of Plaintiff's counsel does not advise whether any such attempts have been made.  "Because district courts need to be able to control their dockets, ... the amount of time allowed for foreign service is not unlimited. If, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim." Nylok Corp. v. Fastener World, Inc., 396 F.3d 805, 807 (7th Cir. 2005) (citation omitted); Maale v. Francis, 258 F.R.D. 533, 535 (S.D.Fla. 2009)

---

[1] In what manner Rule 4(j)(1), which applies to foreign governments, applies is not explained. Fillmore Company, Ltd. is alleged to be a Japanese company and Yusa Noriyuki is alleged to be an individual who is a citizen of Japan.

(collecting cases). The exemption from the 120 day time limit does not necessarily apply if the plaintiff does not make a reasonable, good faith effort to effect service abroad. Allstate Ins. Co. v. Funai Corp., 249 F.R.D. 157, 161-62 (M.D.Pa. 2008); see also, Vorhees v. Fischer & Krecke, 697 F.2d 574 (4th Cir. 1983) (remanding to district court with instructions to impose a reasonable period of time within which to effect service on foreign defendant). As noted, the Court cannot tell from the response of counsel what, if any, attempts at service have been made. As a result, further response is required.

**IT IS, THEREFORE, ORDERED** that on or before fifteen (15) days from entry of this Order, the Plaintiff shall file further response addressing the issues raised herein.

Signed: November 24, 2009

Martin Reidinger
United States District Judge