# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv221

| LORETTA MOSELEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| Vs. | ) | ORDER |
|  | ) |  |
| FILLMORE COMPANY, LTD.; | ) |  |
| YUSA NORIYUKI; and ED ROMAN | ) |  |
| ENTERPRISES, INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the court on plaintiff's Motion for Leave to Take Early Discovery and for an Extension of Time to Respond. In sum, plaintiff argues that she needs limited discovery on the issue of defendant Ed Roman Enterprises, Inc.'s (hereinafter "EREI") contacts with North Carolina in order to properly respond to EREI's Motion to Dismiss for lack of personal jurisdiction. EREI has filed a response in which it objects to the request, and argues in pertinent part that

> In her Motion, Plaintiff states that information regarding EREI's orders and sales to and from North Carolina is required for the determination of the Motion to Dismiss. Motion at ¶3. However, it is well settled that the mere sale of products to persons located in the state by those outside the state does not provide a sufficient basis for the exercise of personal jurisdiction without some other activity that is purposely directed toward the forum state. *See Lesnick v. Hollingsworth*

-1-

> *& Vose Co.*, 35 F.3d 939, 947 (4th Cir. 1994); *Caraustar Custom Packaging Group v. Stockart.com, LLC*, 2006 WL 2224290 (W.D.N.C. [2006]). Accordingly, the information sought by Plaintiff is wholly insufficient to establish a basis for personal jurisdiction. Plaintiff has failed to meet her burden in establishing good cause to take early discovery and, therefore, her Motion is moot and should be denied in full.

EREI's Response (#19), at 2.

The court has first considered EREI's argument that mere sales of goods to persons located in North Carolina is insufficient to invoke personal jurisdiction absent some other activity purposely directed to the forum state. EREI misapprehends the import of the decision it cites, Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939 (4th Cir. 1994), which dealt with introduction of goods into the state not through direct sales to residents of the forum, but through such goods ending up in the state through the stream of commerce.

> Thus, we hold that the test to be applied in considering the reach of personal jurisdiction inquires whether (1) the defendant has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state; and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice, taking into account such factors as (a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies.

Id., at 945-46. In this case, however, plaintiff has alleged that EREI has directed at

least some of its allegedly infringing activities to residents of this state and that such activities have harmed the plaintiff, who purports to be the owner of certain valuable marks. Specifically, plaintiff has alleged as follows:

> Upon information and belief, Defendants are conducting business, either directly or through distribution agreements, nationwide, including the State of North Carolina, and the injury to Loretta Moseley from Defendants' acts alleged herein takes place in North Carolina.

Compl., at ¶ 7.

EREI also argues that the affidavit it has supplied in support of its Motion to Dismiss is sufficient inasmuch as its affiant, Mr. Ed Roman, states therein that he "does not operate, conduct, engage in, or carry on any significant business activity in North Carolina." Roman Aff., at ¶ 8 (Docket Entry #14-3). By qualifying "activity" with the word "significant," Mr. Roman's averment leads naturally to the question of precisely what business activities EREI conducts in North Carolina. Clearly, minimum contacts may well be satisfied with activity which may be less than significant to a corporate defendant. On the corporate level, in determining what contacts suffice, the court may consider contacts which constitute "continuous and systematic corporate activities," or other activities, which relate to the causes of action plaintiffs seek to enforce. Perkins v. Benquet Mining Co., 342 U.S. 4376 (1952). Where the corporation has had only limited contacts with the forum state, jurisdiction

will not be found when those contacts were not "purposeful, systematic or significant enough to warrant the exercise of jurisdiction." Wolf v. Richmond Co. Hosp. Auth., 745 F.2d 904 (4th Cir.), *cert. denied*, 474 U.S. 826 (1984). Neither this court nor plaintiff is compelled to simply take Mr. Roman's word that his contacts are insignificant.

The standard for deciding a motion based on Rule 12(b)(2) was set forth in Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989), where the Court of Appeals for the Fourth Circuit explained that a plaintiff has the burden to prove personal jurisdiction by a preponderance of the evidence. When a factual dispute arises as to whether or not jurisdiction exists, the court may either conduct an evidentiary hearing or defer ruling on the matter until it receives evidence on the jurisdictional issue at trial. Id. When a court decides the issue on the record then before it, the court may consider "the motion papers, supporting legal memoranda, affidavits, other documents, and the relevant allegations of the complaint," and the burden is plaintiff's "to make a mere *prima facie* showing of jurisdiction to survive the jurisdictional challenge." Clark v. Milam, 830 F.Supp. 316, 319 (S.D.W.Va.1993) (citations omitted). A court must resolve factual disputes in favor of the party asserting jurisdiction for the limited purpose of the *prima facie* showing. Bakker, at 676. Such resolution must include construing all relevant pleadings in a light most

favorable to the plaintiff, assume the credibility of any affiant, and drawing the most favorable inferences for the existence of jurisdiction. Id. In this case, the court will allow discovery on EREI's orders and sales of allegedly infringing products to and from residents North Carolina.

In conducting preliminary discovery, counsel for the respective parties should be aware that the court is well versed in the usual litany of discovery disputes that seem to be part-and-parcel of intellectual property cases. Discovery on this limited issue should be straightforward and prompt, and counsel as well as the parties should be prepared to travel to Asheville for prompt resolution of any discovery disputes that may arise.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Leave to Take Early Discovery and for an Extension of Time to Respond (#18) is **GRANTED,** and

(1) plaintiff is allowed to take preliminary discovery of EREI under Rules 30, 33, and 34 of the Federal Rules of Civil Procedure, regarding EREI's business activities in North Carolina, as well as its business contacts with North Carolina persons and companies. Such discovery requests and notices shall be served within 14 days following entry of this Order;

(2) EREI shall provide its responses to such discovery requests within 30

days of receipt of such requests and shall participate in any noticed deposition. Counsel for the respective parties are advised that in this district, counsel are expected to work together in coming up with a time and place mutually convenient for depositions; and

(3) within 15 days of receipt of satisfactory discovery responses and completion of any depositions, whichever is later, plaintiff shall file its Response to the Motion to Dismiss. The parties are respectfully advised that any potential objection to discovery requests or questions premised on confidentiality or trade secrets should be remedied before the objection through filing a motion for Protective Order.

Signed: January 14, 2010

Dennis L. Howell
United States Magistrate Judge