# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv221

| | |
|---|---|
| LORETTA MOSELEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| FILLMORE COMPANY, LTD., ) | |
| YUSA NORIYUKI, and ED ) | |
| ROMAN ENTERPRISES, INC., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the following:

1. Defendant, Ed Roman Enterprises, Inc.'s Notice of Motion and Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(2), (3) and (5), or in the alternative, to Transfer this Action to the District of Nevada, pursuant to 28 U.S.C. §1404(a) [Doc. 14]; and

2. Defendants, Fillmore Company, Ltd. and Yusa Noriyuki's Notice of Motion and Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(2), (3) and (5) [Doc. 28; Doc. 41].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation

of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider these motions and to submit recommendations for their disposition. On June 1, 2010, the Magistrate Judge filed his Memorandum and Recommendation in which he recommended that the motions of Defendants Fillmore Company, Ltd. (Fillmore) and Yusa Noriyuki (Noriyuki) be granted and that this action be dismissed without prejudice as to those defendants for lack of personal jurisdiction. [Doc. 45]. In view of that recommendation, the Magistrate Judge recommended that all other claims in the action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 19(b) because the joinder of Fillmore and Noriyuki as necessary parties is not feasible. [Id.]. Finally, he recommended that Defendant Ed Roman Enterprises, Inc.'s (Roman) motion to dismiss be denied without prejudice as moot in view of the other recommended rulings. [Id.].

## PROCEDURAL HISTORY & FACTUAL BACKGROUND

On June 15, 2009, the Plaintiff initiated this action against the Defendants based on federal question jurisdiction alleging Lanham Act violations and supplemental state law claims. [Doc. 1]. In the Complaint, the Plaintiff alleged that Defendant Fillmore is a Japanese corporation with its principal place of business in Tokyo and that Noriyuki, its president, is a citizen of Japan. [Id., at 2]. It is alleged that Roman is a Nevada corporation

2

with its principal place of business in Las Vegas, Nevada. [Id., at 2]. Jurisdiction is based on the general allegation that the Defendants conduct business in North Carolina. [Id.].

Plaintiff claims that Noriyuki falsely or fraudulently obtained federal trademark registrations for guitars, guitar components and amplifiers. [Id.]. Noriyuki allegedly transferred those registrations to Defendant Fillmore which manufactures and sells the guitars and related products bearing the allegedly false marks. [Id.]. Defendant Roman is Fillmore's sole distributor of the goods in the United States. [Id., at 5-7]. The goods are alleged to infringe the Plaintiff's marks. [Id.]. There are no allegations in the Complaint that either Fillmore or Noriyuki have any connection to the United States, and in particular, to North Carolina, except by virtue of a business relationship with Roman. [Id., at 2-7]. There are no specific allegations that Roman sells the goods in North Carolina, only a general claim that the goods are marketed and sold in the United States, primarily through a website, www.edroman.com. [Id.].

On December 2, 2009, Defendant Roman moved to dismiss the action for lack of personal jurisdiction. [Doc. 14]. In response, the Plaintiff moved for leave to conduct limited discovery on the issue of Roman's contacts with North Carolina. [Doc. 18]. The Magistrate Judge granted that motion and

3

allowed limited discovery. [Doc. 24].

On March 26, 2010, Defendants Fillmore and Noriyuki also moved to dismiss for lack of personal jurisdiction. [Doc. 28]. In support of that motion, Noriyuki filed an affidavit in which he stated that he is a citizen and resident of Japan and does not do any business in North Carolina and that he is the president of Fillmore, a Japanese company which does not do any business in North Carolina. [Doc. 28-1]. Noriyuki further stated that he and Fillmore (1) do not have any presence of any type in North Carolina; (2) do not direct any advertising toward North Carolina customers or citizens; (3) do not own property in North Carolina; and (4) have never been in North Carolina. [Id.]. It was established that although Roman operates a website, no purchase of any product may be accomplished via that site and a telephone call to the Roman offices in Nevada is required to place an order. [Doc. 42-1].

On June 1, 2010, the Magistrate Judge filed his Memorandum and Recommendation. [Doc. 45]. Four days before the objections were due, Plaintiff's attorneys moved for leave to withdraw. [Doc. 46]. On June 22, 2010, the Court denied counsel's motion to withdraw without prejudice and required counsel to either file objections to the Memorandum and Recommendation or a statement that the Plaintiff did not wish to file objections. [Doc. 48, at 6-7]. On July 12, 2010, counsel filed objections.

4

[Doc. 49]. Counsel renewed the motion for leave to withdraw on July 13, 2010 and that motion is considered separately. [Doc. 51].

## STANDARD OF REVIEW

The Defendants have not filed any objections to the Magistrate Judge's recommendations. The Plaintiff has captioned its pleading as objections, but, as discussed *infra,* has conceded that the Magistrate Judge's Memorandum and Recommendation is accurate.

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), *overruled on other grounds* Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996).

To the extent that a party asserts claims in the objections which were not asserted in support of or in opposition to the motion, *de novo* review is not warranted. Price v. Dixon, 961 F.Supp. 894 (E.D.N.C. 1997)(claims cannot be raised for the first time in objections to a memorandum and recommendation); Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to

5

object altogether). This Court therefore does not conduct a *de novo* review of those portions of the Memorandum and Recommendation to which non-specific objections have been filed.

"When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff." Carefirst of Md., Inc. v. Carefirst Pregnancy Crisis Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003). At this stage of the litigation, the Plaintiff must establish a *prima facie* case for the exercise of personal jurisdiction by pointing to relevant evidence and affidavits. New Wellington Financial Corp. v. Flagship Resort Development Corp., 416 F.3d 290, 294 (4th Cir. 2005). "A federal district court may only exercise personal jurisdiction over a foreign [resident] if such jurisdiction is authorized by the long-arm statute of the state in which it sits and application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment." Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 277 (4th Cir. 2009). In addition, maintaining the lawsuit in this forum must be consistent with the traditional notions of fair play embodied in the due process clause. Id., at 278.

The Plaintiff sought to establish jurisdiction alternatively based on Federal Rule of Civil Procedure 4(k)(2). That Rule provides that where a claim arises under federal law, serving a summons on a defendant will

establish personal jurisdiction if the defendant is not subject to jurisdiction in any state court and exercising jurisdiction would be consistent with the United States Constitution and laws.  Saudi v. Northrop Grumman Corp., 427 F.3d 271, 275 (4th Cir. 2005), *certiorari denied* 549 U.S. 820, 127 S.Ct. 115, 166 L.Ed.2d 34 (2006) (all three requirements must be met).

Section 1406(a) of Title 28 provides that a district court in which a case is filed laying venue in the wrong district "*shall dismiss*, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."  (emphasis provided).  Before the Magistrate Judge, the Plaintiff argued that transfer would not be appropriate.

## DISCUSSION

The Magistrate Judge found that the Plaintiff did not carry her burden to show a *prima facie* case of personal jurisdiction over Defendants Fillmore and Noriyuki in North Carolina.

> [T]he Complaint as well as the evidentiary material submitted outside the initial pleadings reveals that [Fillmore and Noriyuki] have had no contacts with North Carolina.  Instead, it appears that plaintiff is relying on the contacts that these defendants' distributor, [Roman], has had with the forum state, which has averred that it has sold no allegedly infringing guitars or other allegedly infringing goods to residents of North Carolina.

[Doc. 45, at 10].  The Magistrate Judge also considered and rejected the Plaintiff's argument that the maintenance by Roman of a website constituted

7

sufficient contacts for personal jurisdiction over Fillmore and Noriyuki. [Id., at 10-16].

The Plaintiff's alternative argument for personal jurisdiction pursuant to Rule 4(k)(2) was rejected because the Defendants conceded that personal jurisdiction over them existed in forum states other than North Carolina. [Doc. 42, at 7]; Tetrev v. Pride Intern., Inc., 465 F.Supp.2d 555, 562 (D.S.C. 2006) (courts in the Fourth Circuit have held that evidence that a defendant has contacts with another state prevents a plaintiff from satisfying the second element even without a concession). Because all three requirements of Rule 4(k)(2) were not met, that rule did not provide a basis for jurisdiction. Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory," 283 F.3d 208, 215 (4th Cir. 2002), *certiorari denied* 537 U.S. 822, 123 S.Ct. 101, 154 L.Ed.2d 30 (2002). "In fact, [the Plaintiff] continue[d] to assert that personal jurisdiction over [Fillmore and Noriyuki] is proper in [North Carolina]," a position inconsistent with the argument for applying Rule 4(k)(2). Id.

The Magistrate Judge then noted that the Plaintiff's Complaint is based on allegations that Noriyuki obtained false trademark registrations which are used by Fillmore to manufacture products that infringe on the Plaintiff's marks. [Doc. 45, at 17]. The infringing products are marketed and sold by Roman. [Id.]. Thus, in order to find any liability on the part of Roman, the Plaintiff must

8

first obtain relief against Noriyuki and Fillmore. [Id.]. The Magistrate Judge therefore concluded that they are necessary parties whose joinder in this lawsuit is not feasible. [Id., citing Fed.R.Civ.P. 19(b)]. He thus recommended dismissal of the entire action without prejudice, a recommendation which does not leave the Plaintiff without the possibility of her day in court in the proper forum. [Id.].

The Magistrate Judge recommended the denial of Roman's motion to dismiss, and its alternative motion to transfer venue, as moot in light of the above recommended rulings. In addition, because these recommended rulings would dispose of all issues, the Magistrate Judge did not consider the motions pursuant to Rule 12(b)(3), (4) & (5).

In her "objection," the Plaintiff states:

> Records of [Roman] product sales in North Carolina were solely in the custody and control of [Roman]. The convenient disappearance of any and all [Roman] sales records pre-dating 2008, makes it practically impossible for Plaintiff to dispute the self-serving allegations of Roman's affidavit. Therefore, although the Plaintiff is disappointed in the Recommendation's willingness to assume lack of personal jurisdiction as a result of [Roman's] alleged loss of all its sales data prior to 2008, Plaintiff cannot produce evidence to refute the Recommendation and its findings as to this Court's [lack of] jurisdiction over the Japanese Defendants [Fillmore and Noriyuki].

[Doc. 49, at 4]. The Court finds this is not a true objection but instead a concession by the Plaintiff that the Rule 12(b)(2) motion of Fillmore and

9

Noriyuki should be granted. No other objections to any portion of the Memorandum and Recommendation are made.

In further support of the Plaintiff's concession, she requests that the action be transferred to the District of Nevada rather than dismissed.

> Although neither the Plaintiff nor the Japanese Defendants moved for transfer of the action, [Roman] has moved the Court for transfer of the action in the [Roman] motions. Therefore, although Plaintiff initially opposed [Roman's] motion to transfer this action, she now respectfully requests this Court's reconsideration of [Roman's] request to transfer in the interests of justice and economy of judicial resources.

[Doc. 49, at 5].

The Court notes, however, that Plaintiff has not shown that Nevada would be an appropriate forum in which to assert personal jurisdiction over Fillmore and Noriyuki. Although the Magistrate Judge commented that jurisdiction over those defendants "may well" exist in Nevada, he did not make such a finding. [Doc. 45, at 17]. The Plaintiff has failed to show that personal jurisdiction over these defendants exists in Nevada and therefore transfer to that District is inappropriate. Saudi, 427 F.3d at 277 (transfer is only appropriate if the movant shows that personal jurisdiction exists in the alternative forum); *accord*, In re Carefirst of Maryland, Inc., 305 F.3d 253, 255-56 (4th Cir. 2002). The "mere assertion of potential jurisdiction" is insufficient. Saudi, 427 F.3d at 277.

Before the Magistrate Judge the Plaintiff strongly opposed transfer of the action to Nevada. [Doc. 25, at 12-15]. The Magistrate Judge recommended that Roman's motion be denied in its entirety, including the alternative motion to transfer. Roman has not filed any objections to the recommendation that its motion be denied. Nor has the Plaintiff filed an objection to that recommendation; instead, the Plaintiff asks that the District Court "reconsider" Roman's motion. Saudi, 427 F.3d at 277. (noting the plaintiff never filed a motion to transfer and only raised the issue during a hearing). This does not rise to the level of an objection and the Court need not address an issue raised by the Plaintiff for the first time before this Court. Sandvik Intellectual Property AB v. Kennametal, Inc., 2010 WL 1924504 (W.D.N.C. 2010), *citing* Price v. Dixon, 961 F.Supp. at 894. (claims cannot be raised for the first time in objections to a memorandum and recommendation). "[B]y precluding ... review of any issue not contained in objections, [the waiver rule] prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997), *quoting* Thomas v. Arn, 474 U.S. 140, 147, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

The Court therefore finds that the Plaintiff has not filed true objections but instead has conceded that the motion to dismiss of Fillmore and Noriyuki

for lack of personal jurisdiction should be granted. The Plaintiff also has not objected to the Magistrate Judge's recommendation that Roman's motion to dismiss be denied. The suggestion contained within the purported objections that this Court "reconsider" Roman's motion to transfer is not a true objection. Thus, this Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), *certiorari denied* 546 U.S. 1091, 126 S.Ct. 1033, 163 L.Ed.2d 855 (2006). Having done so, the Court adopts the recommendation.

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. Defendants, Fillmore Company, Ltd. and Yusa Noriyuki's Notice of Motion and Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(2), (3) and (5) [Doc. 28; Doc. 41] is hereby **GRANTED** as to the motion to dismiss pursuant to Rule 12(b)(2) and **DENIED** as moot as to the motions to dismiss pursuant to Rule 12(b)(3) & (5) and this action against these Defendants is hereby **DISMISSED WITHOUT PREJUDICE.**

2. This action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 19(b).

3. Defendant, Ed Roman Enterprises, Inc.'s Notice of Motion and Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(2), (3) and (5), or in the alternative, to Transfer this Action to the District of Nevada, pursuant to 28 U.S.C. §1404(a) [Doc. 14] is hereby **DENIED WITHOUT PREJUDICE** as moot.

Signed: July 16, 2010

Martin Reidinger
United States District Judge